AO 243 (Rev. 2/95)

PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| UNITED STATES DISTRICT COURT | District Northern District of Illinois Eastern Division | |
|---|---|---|
| Name of Movant Gregory A. Brown | Prisoner No. 14036-424 | Case No. 01 CR 1078-5 |
| Place of Confinement FMC-Lexington Federal Prison P.O. Box 14500 Lexington, Ky. 40512 | | |

UNITED STATES OF AMERICA     v.   Gregory A. Brown

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack <u>United States</u>
<u>District Court 219 S. Dearborn St. Chicago, Illinois 60604</u>

2. Date of judgment of conviction <u>July 11, 2003</u>

3. Length of sentence <u>262 Months</u>

4. Nature of offense involved (all counts) <u>Conspiracy to Distribute Cocaine Base (Count One)</u>
<u>18 U.S.C. § 846</u>

**DOCKETED**
NOV - 200

**04C 7089** **FILED**
NOV 0 3 2004
JUDGE MANNING
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
MAGISTRATE JUDGE NOLAN

5. What was your plea? (Check one)
  (a) Not guilty    ☐
  (b) Guilty    ☒
  (c) Nolo contendere    ☐

If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

<u>Entered guilty to Count One, the remaining counts were dismissed on motion</u>

<u>by government.</u>

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
  (a) Jury    ☐
  (b) Judge only    ☐

7. Did you testify at the trial?
  Yes ☐     No ☐

8. Did you appeal from the judgment of conviction?
  Yes ☒     No ☐

1-1

(1)

AO 243 (Rev. 2/95)

9.  If you did appeal, answer the following:

   (a) Name of court  United States District Court Northern District of Illinois

   (b) Result  Voluntarily dismissed appeal upon appellant counsel advisory

   (c) Date of result  January 8, 2004

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐        No ☒

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court _____

      (2) Nature of proceeding _____

      _____

      (3) Grounds raised _____

      _____

      _____

      _____

      _____

      (4) Did you receive an evidentiary hearing on your petition, application or motion?

         Yes ☐        No ☐

      (5) Result _____

      (6) Date of result _____

   (b) As to any second petition, application or motion give the same information:

      (1) Name of court _____

      (2) Nature of proceeding _____

      _____

      (3) Grounds raised _____

      _____

      _____

      _____

      _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐        No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
   (1) First petition, etc.              Yes ☐        No ☐
   (2) Second petition, etc.              Yes ☐        No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

   Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self–incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: __Denial of effective assistance of counsel__

Supporting FACTS (state *briefly* without citing cases or law)

Counsels failure to challenge the courts failure to submit drug quantity to jury prejudice defendant and violated his Sixth Amendment Constitutional Right.

See Memorandum

B. Ground two: __Denial of effective assistance of counsel__

Supporting FACTS (state *briefly* without citing cases or law)

Counsels failure to object to the inclusion of defendant's prior conviction substantially prejudice defendant and the outcome of his sentence.

See Memorandum

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law)

(4)

AO 243 (Rev. 2/95)

D.   Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

Ground 12A and 12B were failed to be presented due to counsel's ineffective

assistance.

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐        No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing   Gerald J. Collins

    100 W. Monroe St. - Suite 1310 Chicago, Il. 60603

(b) At arraignment and plea   Gerald J. Collins

    100 W. Monroe St. - Suite 1310 Chicago, Il. 60603

(c) At trial _____

_____

(d) At sentencing   Gerald J. Collins

    100 W. Monroe St. - Suite 1310 Chicago, Il. 60603

AO 243 (Rev. 2/95)

(e) On appeal ___Johanna M. Christiansen_____

401 Main St. - Suite 1500 Peoria, IL. 61602

(f) In any post–conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post–conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐     No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐     No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__9-29-04__
(Date)

_____
Signature of Movant

**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NOV 0 3 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

04C 7089

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) ) |
| VS | ) ) |
| Gregory A. Brown, Defendant, | ) ) ) ) ) ) |

Case no. 01 CR 1078-5

Honorable Judge
Blanche M. Manning

**JUDGE MANNING**

**MAGISTRATE JUDGE NOLAN**

MEMORANDUM
PETITION FOR RELIEF PURSUANT TO
28 U.S.C. 2255

COMES NOW, Gregory A. Brown, petitioner, and respectfully submits the foregoing memorandum for relief pursuant to 28 U.S.C. 2255. The petitioner (hereinafter known as ("Mr. Brown"), would first request liberal construance of his pleadings pursuant to **Haines V. Kerner, 404 U.S. 519 (1972).**

STATEMENT OF CASE

On April 18, 2002, a special grand jury of the Northern District of Illinois returned a 39 count indictment against Mr. Brown, and ten other co-conspirators. However, Mr. Brown was only charged in count one and count two of the 39 count indictment.

Count one charged that on or about January 1992, until December 12, 2001, Mr. Brown and other co-conspirators, knowingly and intentionally distributed and to possess with intent to distribute quantities of mixtures containing in excess of 5 kilograms of cocaine and excess of 50 grams of cocaine base. schedule II Narcotic Drug Control Substance, in violation of 18 U.S.C. § 846. Pre-Sentence Report (PSR 16-25).

Count two charged that on or about November 10, 2000, Mr. Brown knowingly and intentionally possessed with intent to distribute approximately 60 grams of a mixture containing cocaine in violation of 21 U.S.C. § 841(a)(1).

The remaining counts of the indictment charged various others named in the indictment. (PSR 27-30).

On March 6, 2003, Mr. Brown, pled guilty to Count One of the indictment

In the probation officers pre-sentence report the probation officer recommended that the court find that Mr. Brown's offense level was 38, for conspiracy to distribute more than 50 grams, but fewer than 150 Kilograms of cocaine, and more than 1.5 kilograms of cocaine base. (PSR 147-151).

The probation officer found that Mr. Brown had 15 criminal history points and was therefore in criminal history category six. This included one point for manufactor and delivery of cocaine. (PSR 214-221). Three points for delivery of a control substance. (PSR 222-229). Three points for delivery of a control substance. (PSR 230-237). Three points for unlawful use of a weapon. (PSR 238-243). One point for possession of a stolen temporary registration permit. (PSR 267-274).

In addition, the probation officer added two points pursuant to U.S.S.G. § 4A1.1(d), because Mr. Brown offense was committed while on probation. (PSR 267). The probation officer added two points pursuant to U.S.S.G. § 4A1.1(e), because portion of the offense was committed

less than two years following his release from IDOC custody on December 2, 1999. (PSR 275-282). The probation officer found Mr. Brown to be a career offender pursuant to U.S.S.G. § 4B1.1.

On July 11, 2003, the court held a sentencing hearing for Mr. Brown. Mr. Brown objected to the inclusion that he was responsible for all the drugs in Hugh Rogers (co-defendant) conspiracy during 1998 until 2001. Mr. Brown argued that he should be given the adjustment for minor role.

Mr. Brown admitted that he was only responsible for 4.5 kilograms of cocaine. However, the court found by a preponderance of evidence that Mr. Brown was foreseeable for 150 kilograms of powder cocaine and more than 1.5 kilograms of crack cocaine. the court also found that Mr. Brown was a career offender pursuant to § 4B1.1. The court then sentenced Mr. Brown to 262 months imprisonment and five years of supervised release. Mr. Brown filed a timely notice of appeal pursuant to F.R.A.P. 4(b).

## STATEMENT OF FACTS[1]

### I. FACTS OF THE OFFENSE OF CONVICTION

On December 1999, the FBI began an investigation of the Black-P-Stone Nation Street Gang. As a result of the investigation the FBI determined the charged conspiracy began in atleast early 1992. (PRS 58-67).

---

[1] The facts of the offense of conviction are taken from Hugh Rogers statement. (PSR 99-108).

Specifically, from approximately 1992 to 2001, Hugh Rogers headed the network, and was assisted by co-conspirators, Edward Clark, Mr. Brown, Cooper, and Wiley, who acted as runners, in exchange for money, drugs or debt payment.

In 1993, Mr. Brown assisted Hugh Rogers in distributing cocaine, and from 1998 to december 2001, Hugh Rogers sold Mr. Brown cocaine. (PSR 61-78). Mr. Brown, admitted that on approximately three occasions "Hugh Rogers" fronted him cocaine. On two occasions Hugh Rogers fronted him 63 grams of powder cocaine, and one occasion Hugh Rogers fronted him crack cocaine. (PSR 109-114). Mr. Brown plea agreement encompasses the period from 1998 through December 12, 2001.

## II. PLEA

On July 11, 2003, Mr. Brown pled guilty to count one of the 39 count indictment. However, Mr. Brown signed a plea agreement alleging that he, beginning no later than 1998 until December 12, 2001, conspired and agreed wit co-defendant Hugh Rogers, Theatric D. Bailey, Jerimah Smith, Ravon Bailey, Edward Clark, Cortez Cooper, Quintin A. Daniels, David Coats, Donald Humphrey, James Wiley, and others, to distribute and to possess with intent to distribute quantities of mixtures containing in excess of five kilograms of cocaine and in excess of 50 grams of cocaine base. Schedule II Narcotic Drug Control Substance, in violation of Title 21 U.S.C. § 846.

Specifically, Mr. Brown admitted that he beginning in 1998, until approximately 1999, purchased 63 gram quantities of powder cocaine from Hug Rogers and in late 1999, co-defendant Hugh Rogers fronted him 63 grams of crack cocaine. (Plea Agreement pg. 3).

The plea agreement further acknowledges that Mr. Brown on November 10, 2001, assisted Hugh Rogers with delivering two and one quarter ounces of cocaine to Hugh Rogers customers.

The plea agreement further acknowledges that it was reasonably foreseeable to him that the conspiracy distributed more than 50 but fewer than 150 kilograms of cocaine, and more than 1.5 kilograms of crack cocaine.

## III.  SENTENCING

### A. The Pre-Sentence Report

In the pre-sentence report, the probation officer recommended that the court find that Mr. Brown's offense level was 38. (PSR 147-151). As required pursuant to 2D1.1(a), based on a finding that Mr. Brown was responsible for 150 kilograms of powder cocaine and more than 1.5 kilograms of crack cocaine. This amount was based on all of the conduct compiled by Hugh Rogers statement.

The probation officer found that Mr. Brown had 15 criminal history points and was therefore in criminal history category six. The government submitted a version of the offense, in which, the governments version regarding Mr. Brown, was based on Hugh Rogers grand jury statement. (Exhibit (A) Governments Version pg.9 ). This increased Mr. Brown's offense level from level 32 to level 38.

### B.  SENTENCING HEARING

On July 11, 2003, the court held a sentencing hearing for Mr. Brown. at that hearing, the government pressed its argument that Mr. Brown was foreseeable for the total drug quantity amount of Hugh

-5-

Rogers conspiracy. Mr. Brown argued that he should be given the minor role adjustment. after hearing argument on issues related to Mr. Brown's offense level, the court held that it was 34, after a two point reduction pursuant to U.S.S.G. § 3E1.1(a); and one point reduction pursuant to U.S.S.G. § 3E1.1(b)(1).

In addition, the court found that Mr. Brown meet the criteria of a career offender. (PSR 177-189). The court then sentenced Mr. brown to 262 months imprisonment and five years supervised release. The order of judgement and conviction states that the remaning counts charging Mr. Brown were dismissed on the government's motion.

## SUMMARY OF ARGUMENT

Counsel's failure to challenge the district court's finding of drug quantitiy under **"Apprendi"**, that a court can not sentence a defendant to a sentence in excess of the guideline range that is supported by facts which a jury found beyond a reasonable doubt or admitted by a defendant. **Apprendi V. New Jersey, 530 U.S. 466 (2000).** Counsel was ineffective. The drug quantity argument was obvious, and based on directly controlling precedent.

In addition, Counsel's failure to object to and challenge the inclusion of Mr. Brown's prior convictions that should have been classified as related, substantially prejudice Mr. Brown and the outcome of his sentence that resulted in a upwards of 111 months.

Counsel's performance fell below an objective standard of reasonableness. for failing to object and challenge Mr. Brown's crucial sentencing arguments. The sentence Mr. Brown received was both based on a clearly and erroneous finding of fact and incorrect application of the sentencing guidelines. Had counsel provided effective assistance the results of Mr. Brown's sentence would have been significantly less harsh.

## ARGUMENT    I

The district court improperly based Mr. Brown's sentence on facts that were not contained in the charge in the indictment to which he pled guilty; proven to a jury beyond a reasonable doubt; or admitted by him.

### A.    Standard of review

Mr. Brown did not argue, in the district court, that his sentence was illegal because it was based on facts that were not contained in the indictment, proven to a jury beyond a reasonable doubt, or admitted by him. Therefore, this Court will only review his argument for plain error even though the error is structural. **Johnson V. United States, 520 U.S. 461, 465-466 (1997).**[2] This means that Mr. Brown must show: (1) that there was error; (2) that the error was plain or obvious; (3) that the error effected his substantial rights; and (4) that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. **United States V. Olano, 507 U.S. 725, 734-736 (1993).**

---

[2] Plain error was not discussed in **Booker** because the government had not raised the argument. see  **United States V. Booker, 2004 U.S. App. LEXIS 14223 at *20; citing United States V. Olano, 507 U.S. 725, 731 (1993).**

B.    Argument

1.    The district court plainly erred when sentencing Mr. Brown,
in light of Apprendi now Blakely and Booker.

a.    There was error under Blakely

In **Blakely V. Washington, 124 S. Ct. 2531,** the Supreme
Court reversed an upward departure in a Washington state case because
the facts supporting the departure from the sentencing guidelines range
were not found by a jury or admitted by a defendant. In doing so, the
Court held that the statutory maximum is not the maximum that is set
forth in the statute defining the offense, but the sentence that is
established by a guideline range. It found "that the 'statutory
maximum' for **Apprendi** purposes is the maximum sentence a judge may
impose solely on the basis of the facts reflected in the jury verdict
or admitted by the defendant. "**Blakely V. Washington, 124 U.S. S. Ct.
2531 at 2537.**

This Court recently held that **Blakely** applies to the Federal
Sentencing Guidelines. **United States V. Booker, 2004 U.S. App. LEXIS
14223, \*12 (7th Cir. July 9, 2004).** In **Booker,** the district court
determined that the defendant was actually responsible for 566 grams
more than the   92.5 grams of cocaine base which the jury must have
found in order to convict Mr. Booker.   **Id. at \*1, 16-18.** The district
court also found that Mr. Booker had obstructed justice and increased
his offense level accordingly. **Id. at \*1.**

This Court applied **Blakely** to the facts in **Booker** and found that
Mr. Booker's sentence should not have been enhanced by the drug amounts
that the jury did not find beyond a reasonable doubt nor had been
admitted by the defendant. **Id. at \*\*3-6.** This court further held:

-9-

As a original matter, then, we think that the guidelines, though only in cases such as the present one in which they limit defendants' rights to a jury and to the reasonable standard, and thus the right of the defendant **Booker** to determine (using that standard) how much cocaine base he possessed and whether he obstructed justice, violated the Sixth Amendment as interputed by **Blakely**.

United States V. **Booker**, 2004 U.S. App. LEXIS 14223, at *12.

This Court summerized its decision by stating that:

(1) the application of the guidelines in this case violated the Sixth Amendment as interpreted in **Blakely**;k (2) in cases where there are no enhancements--that is, no factual findings by the judge increasing the sentence--there is no constitutional violation in applying the guidelines unless the guidelines are invalid in their entirety; (3) we do not decide the severability of the guidelines, and so that is an issue for consideration on remand should it be made an issue by the parties; (4) if the guidelines are severable, the judge can use a sentencing jury; if not, he can choose any sentence between 10 years and life and in making the latter determination he is free to draw on the guidelines for recommendation as he sees fit; (5) as a matter of prudence, the judge should in any event select a nonguidelines alternative sentence.

Id. at *19-*20.

**Blakely** applies to Mr. Brown's case even if it is a new rule, because a new rule for the conduct of criminal prosecutions applies to all cases which are currently pending on direct appeal or not yet final when the rule is announced. **Griffith V. Kentucky, 479 U.S. 314, 328 (1987).**

Mr. Brown pled guilty to one count of conspiracy to distribute cocaine. (21 U.S.C. 846). The total drug quantity for the offense was 5 kilograms of cocaine and excess of 50 grams of cocaine base. this would have established an offense level of 32, under the Guidelines which Mr. Brown was sentenced. With a criminal history catgory of 4, as he argues, and without any reduction for acceptance of responsibility, Mr. Brown's sentence range would have been 121 to 151 months. Therefore, 121 or 151 months was the statutory maximum sentence which the district court was allowed to impose on Mr. Brown had counsel argued his quantity and prior convictions. However, that is not what happened. Instead, the district court found, by a preponderance of the evidence that Mr. Brown was responsible for the whole drug amount from the period of 1998 to 2001, which was the total drug quantity amount for the 11 individuals who were charged in the indictment. For 1998 to 2001, the total drug quantity amount for the entire 11 individuals of the conspiracy totaled less than 150 kilograms of cocaine and more than 1.5 kilograms of cocaine base. However, Mr. Brown objected to the inclusion of the alleged drug quantity implemented in his plea agreement. The Court also found by the same standard, that Mr. Brown was a career criminal. as a result, the court found that Mr. Brown's offense level and sentenced him to 262 months inprisonment.

Therefore, Mr. Brown sentence is unconstitutional because it exceeded the statutory maximum that the district court could have imposed based solely on the facts admitted by Mr. Brown, since there was no jury trial. **Blakely V. Washington, 124 S. Ct. at 2537.**

In addition, the facts which the district court relied on when sentencing Mr. Brown were not included in the counts of indictment to which he pled guilty. All elements of a federal offense must not only be submitted to a jury and proven beyond a reasonable doubt, but also included in an indictment. **Jones V. United States, 526 U.S. 227, 232 (1999).**

"[I]f the existence of any facts (other than a prior conviction) increases the maximum punishment that may be imposed on a defendant, that fact--no matter how the [government] labels it--constitutes an element, and must be found by a jury beyond a reasonable doubt." **Sattazhn V. Pennsylvania, 537 U.S. 101, 111 (2003)(citing Apprendi V. New Jersey, 530 U.S. 466, 482-484-490 (2000)).** The Supreme Court's conclusion about the import of its holding in **Apprendi** shows that this Court's earlier holding in **United States V. Brough, 243 F.3d 1078 (7th Cir. 2001),** that facts which increase a defendant's sentence are not necessarily elements of an offense was mistaken. Therefore, the facts which the district court used to enhance Mr. Brown's sentence must now be seen to be elements of a greater offense in light of **Blakely.** as a result, the additional facts were required to be pled in the indictment. Since that did not happen, the indictment was insufficient to support the sentence which Mr. Brown received.

### b.    The error was plain

The district court's error in sentencing Mr. Brown is plain. It was not obvious at the time of sentencing. However, it is enough that the error be plain at the time of appellant consideration. **Johnson V. United States, supra, 520 U.S. at 468.** It ||s now clear that increasing Mr. Brown's sentence on the basis of facts that were not included in his indictment, admitted to him, or proven to a jury beyond a reasonable doubt violated his rights under the Fifth and Sixth Amendments. **United States V. Ameline, 2004 U.S. APP. LEXIS 15031 at *29.**

### c.    The error affected Mr. Brown's substantial rights.

The error in this case not only affected the outcome of Mr. Brown's sentencing, it also was structural error, such that a determination of the effect on the case may be impossible. Mr. Brown was deprived of his opportunity to insist that his sentence be based on findings that were made beyond a reasonable doubt and his right to a jury trial. Deprivation of those rights are structural errors.

In this case the district court thought a jury was not necessary and thought it only had to find facts by a preponderance of the evidence before sentencing Mr. Brown. The effect of these erroneous views was the same as giving an improper instruction on reasonable doubt to a jury which allows the jury to find a defendant guilty by a leser burden of proof. Such error is structural. It is not amenable to normal harmless error review because there is no verdict of guilty beyond a reasonable doubt upon which harmless error review can operate. **Sullivan V. Louisiana, 508 U.S. 275, 280 (19930.** The question of whether the same verdict of guilty beyond a

reasonable doubt would have rendered absent the error is meaningless.

> "The most an appellant court can conclude is that a jury would surely have found [the defendant] guilty beyond a reasonable doubt--not that the jury's actual finding of guilty beyond a reasonable doubt would surely not have been different absent the constitutional error. That is not enough."

**Ibid.** (emphasis in original). That is just as true whether the finding is made by a jury or, as in this case, by a judge.

In addition, the bare deprivation of the right to a jury trial, "with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as 'structural error.'" **Id** at 281-282.

Therefore, since the elimination of the beyond a reasonable doubt burden of proof and the right to a jury trial are so Important as to be labeled structural error, they must be found to have affected Mr. Brown's substantial rights.

"Further, the imposition of a sentence exceeding the statutory maximum affects a defendant's substantial rights." **United States V. Gibson, 356 F,3d 761, 766 (7th Cir. 2004).** as Mr. Brown has shown above, his sentence exceeds the statutory maximum as defined by **Blakely.** Therefore, this rule applies to Mr. Brown. Thus, the error in sentencing Mr. Brown affected his substantial rights.

> **d.    The Blakely error seriously affects the fairness, integrity, and publis reputation of judicial proceedings.**

This court has held that allowing an illegal sentence to stand would affect the fairness, integrity, or public reputation of judicial proceedings. **Id. at 767.**

-14-

In addition, when discussing the fairness of the result in **Blakey**, the Court stated that:

> Any evaluation of **Apprendi's** "fairness" to criminal defendants must compare it with the regime it replaced, ||n which a defendant, with no warning in either his ||ndictment or plea, would routinely see his maximum potential sentence balloon from as little as five years to as much as life imprisonment, see 21 U.S.C. (b)(1)(A), (D), based not on facts proved to his peers beyond a reasonable doubt, but on facts extracted after trial from a report compiled by a probation officer who the judge thinks more likely got it right than got it wrong.

**Blakely V. Washington, 124 S. Ct. at 2542.**

That is exactly what happened to Mr. Brown. He admitted that he made purchases from Hugh Rogers on three occasions, which he admits that on two occasions he purchased two 63 gram quantity of powder cocaine, and on one occasion he purchased one 63 gram quantity of cracp cocaine (cocaine base). (PSR 109-114). However, he did not admit additional facts which were alleged in his plea agreement, probation officer report, or by the government, in order to ||ncrease his base offense level. He specifically objected to the drug quantity. Nonetheless, he was sentenced by the district judge, based on the preponderance standard, to a significantly higher sentence than what could have been imposed based on the alleged charge in the indictment. As a result, the error affected the fairness of the proceedings in Mr. Brown's case. **United States V. Ameline, 2004 U.S. APP. LEXIS 15031 at *31.**

The holding in **Blakely** also insures that the jury carries out the role which the Framers of the Constitution intended. **Blakely V. Washington, 124 S. Ct. at 2538-2539.** Thus, it helps ensure the integrity and public reputation of judicial proceedings.

"Moreover, use of the reasonable-doubt standard is indispensible to command the respect and confidence of the community in application of the criminal law." In **Re Winship, 397 U.S. 358, 364 (1970).**

Accordingly, reasonable counsel would have brought the quantity-based argument to the attention of the sentencing court. In short, this neglected argument was obvious, solid, and based on directly controlling precedent. District court appointed counsel failed to raise the **"Apprendi"** argument, and appellant counsel failed to raise the **"Blakely"** argument on direct appeal, this deficient performance resulted in prejudice.

## ARGUMENT II

Counsel's failure to object to the inclusion of Mr. Brown's criminal history, substantially prejudice him and affected the outcome of his sentence.

**A. Standard of Review**

This Court reviews a district court's interputation of the guidelines de novo. **United States V. Hardin, 209 F.3d 652, 657 (7th Cir. 2000).**

**B. Argument**

U.S.S.G. § 4a1.2(3) states that:

Prior sentences are considered related if they resulted from offenses that (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.

Mr. Brown was sentenced by the district court as a career offender, U.S.S.G. 4B1.1, due to counsel's inadequate performance and failure to object to the prior conviction that the court used in computing his sentence as a career offender.

Mr. Brown was indicted by a grand jury, charging that on August 26, 1989, and August 27, 1989, that Mr. Brown knowingly and unlawfully delivered one gram or less of cocaine. Arrest warrants were issued by Judge Himel, on September 29, 1989, on the returned indictments by the grand juryon august 26, 1989, and August 27, 1989. (PSR 221-237).

Mr. Brown was initially arrested on September 29, 1989, by the chicago Police Department, for the two outstanding warrants issued by Judge Himel on September 26, 1989. During the arrest for the two

-17-

outstanding warrants, Mr. Brown was found to be in possession of a unlawful waepon. (PSR 232-243).

Mr. Brown argues first, that the two prior convictions for delivery of a control substance was not predicate for career offender, and should have been treated as related for the purpose of the counting of criminal histroy points pursuant to U.S.S.G. § 4A1.2(3).

Mr. Brown asserts that the convictions were not made on intervening arrest, and were consolidate in addition with the unlawful use of a weapon. Mr. Brown received a concurrent 3 year sentence on all three charges, and that the delivery charges were reduced to simple possessions and accepted by the sentencing court.

T he court used these convictions as a predicate for career offender, and assessed three additional criminal history points consecutively for all three convictions that were consolidated, and not made on intervening arrest. There were many facts that favored a finding of consolidation, which would have resulted in a single counting of criminal history points for the three convictions. Counsel's failure to challenge the relatedness of Mr. Brown's prior convictions substantially affected the outcome of his sentence, which he received an additional 111 months due to counsel's error. Had counsel counsel challenge the prior convictions, Mr. Brown, would not have been classified as a career offender, and his criminal history points would have been a 9, instead of 15.

Therefore, Mr. Brown's sentence was the result of ineffective assistance of both, counsel, and appellant counsel, and his sentence should be reversed by this court.

2. **This Court should simply remand Mr. Brown's case for resentencing without the unconstitutional enhancements because to do otherwise would violate the Double Jeopardy Clause.**

In **Booker**, this Court remanded the defendant's case to the district court with the possibility that a sentencing jury would be empaneled to decide the enhancement allegations, unless to do so would violate the Double Jeopardy Clause. The Court noted that resentencing based on additional facts would not work "if the facts that the government would seek to establish in the sentencing hearing are elements of a statutory offense, for they would then have to be alleged in the indictment, and to re-indict at this stage would present a double-jeopardy issue." **United States V. Booker, 2004 U.S. APP. LEXIS 14223, at \*17.** As explained above, the additional facts upon which a higher sentence for Mr. Brown depended are elements of a greater offense. Therefore, as Mr. Brown has shown above, they had to be included in the indictment. Reindictment for a greater offense now would violate Mr. Brown's right under the Double Jeopardy Clause. **Brown V. Ohio, 432 U.S. 161, 168-169(1977).** Therefore, Mr. Brown's sentence on remand must be limited to that which can be supported solely on the basis of the charged indictment he pled guilty to ||n count one.

3. **Even if it is not required to do so by the Double Jeopardy Clause, this Court should still simply remand Mr. Brown's case for resentencing without the unconstitutional enhancements because Congress has not authorized sentencing juries in non-capitol cases.**

In Booker, **this Court** assumed that the only limitation an a court's use of a sentencing jury would be the Double Jeopardy Clause. **United Staes V. Booker, 2004 U.S. App. LEXIS 14223, at \*17.** In

-19-

**Ameline**, the Ninth Circuit also assumed that the district court would be permitted to empanel a sentencing jury after remand. **United States V. Ameline, 2004 U.S. App. LEXIS 15031 at *42.** However, both courts failed to realize that not only has Congress not authorized sentencing juries in non-capitol cases, they are presently forbidden.

federal Rule of Criminal Procedure 32(i)(3)(A) and (B) says the court is to determine facts that are necessary for sentencing. Any new rule which a court chose to enact could not be inconsistent with Rule 32, which is part of the rules of procedure prescribed under 28 U.S.C. § 2072. (28 U.S.C. § 2071; F.R. Crim.P.57(a)(1).)

**Booker** and **Ameline** both referenced the fact sentencing juries are used in cap|ital cases. **United States V. Booker, 2004 U.S. App. LEXIS 14223 at *17; United States V. Ameline, 2004 U.S. App. LEXIS 15031 at *42.** That is true. However, Congress has specifically provided for jury sentencing in capital cases. (18 U.S.C. § 3593(b).) Congress has not authorized jury sentencing for any other class of offenses.

Courts are not authorized to use sentencing juries without Congressional authorization. **United States V. Jackson, 390 U.S. 570, 576-580(1968)(refusing to allow sentencing juries in capital kidnaping cases without Congressional authorization).** As the Supreme Court noted, "[i]t is one thing to fill a minor gap in a statute--to extrapolate from its general design details that were inadvertently omitted. It is quite another thing to create from whole cloth a complex and completely novel procedure and to thrust it upon unwilling defendants for the sole purpose of rescuing a statute from a charge of unconstitutionality." "Individuals forced to defend their lives in proceedings tailor-made for the occasion must do so without the guidance that defendants ordinarily find in a body of procedural and

evidentiary rules spelled out in advance of trial." **Id.** at 580. see also **Frady V. United States,** 348 F.2d 84, 115-116(1965)(Burger, J., concurring and dissenting)(noting problems with judicial creation of a two jury system).

Therefore, the district court may not empanel a sentencing jury after remand and must sentence Mr. Brown solely on the basis of the facts to which was alleged in his indictment.

### CONCLUSION

For the reasons stated above, this Court should reverse Mr. Brown's sentence and remand his case to the district court with instructions to sentence him within the range for offense level 29 and criminal history category four.

Respectfully submitted,

Gregory A. Brown

**WHEREFORE,** based upon the foregoing citations and case law, Mr. Brown hereby prays to this Honorable Court to issue an order granting relief in the requested manner and any further relief deemed necessary and just by the Court.

BY: Gregory A. Brown, Pro Se
Reg. No.
FMC-Lexington
P.O. Box 14500
Lexington, Ky. 40512

## CERTIFICATE OF SERVICE

I, Gregory A, Brown, do hereby swear under the penalty of perjury, that I have effected the service of the foregoing motion for relief pursuant to 28 U.S.C. § 2255, and that I caused to be mailed to the Clerk of the U.S. District Court at 219 S. Dearborn Chicago, Illinois 60604, an original and three copies.

This being done on this _29_ dat of ___September___ ,2004.


BY: _Gregory Brown_____
       Gregory A. Brown



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use **only** in the Northern District of Illinois.

**Plaintiff(s): UNITED STATES OF AMERICA**    **Defendant(s):GREGORY A. BROWN**

County of Residence:    County of Residence: 88888

Plaintiff's Atty:  AUSA
219 South Dearborn
Chicago, IL 60604

Defendant's Atty:  Gregory A. Brown
#14036-424
Lexington

*DOCKETED*
*NOV 4 2004*

II. Basis of Jurisdiction:    **2. U.S. Gov't Defendant**

**04C 7089**

III. Citizenship of Principal Parties (Diversity Cases Only)
Plaintiff:- **N/A**
Defendant:- **N/A**

**JUDGE MANNING**

IV. Origin :    **1. Original Proceeding**

**MAGISTRATE JUDGE NOLAN**

V. Nature of Suit:    **510 Motions to Vacate Sentence**

VI.Cause of Action:    **28:2255**

VII. Requested in Complaint
Class Action:
Dollar Demand:
Jury Demand: **No**

*FILED*
*2004 NOV -3 PM 12:26*
*CLERK U.S. DISTRICT COURT*

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _A. E. Woodham_

Date: _11-3-04_

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**    Revised: 06/28/00

*Manning Nolan*    *01 CR 1078-5*

*1-2*